THE late Mr. Thomas Cochran, deceased, in and by last wil1 and testament devised to his wife, Susannah, the full use of a house and lot, with the furniture, chariot, hoi’ses, and sundry negroes by name, during her natural life. It further directed that at her death, or when a division of his other property should bo made ■agreeably to the directions of his will, (which should last occur) the house and so much of the personal property as should be then remaining, should be deemed a part of his estate, and should be divided amongst his three sons, Thomas Cochran, John Cochran and Samuel Cochran, or the survivors of them.
The testator in another part of his will, directs that a division of that part of Ms estate not already devised *187 to his wife should be made as soon as his youngest son, Samuel, attains the age of twenty-one years, or in case of his death under that age, then as soon as his son John. should attain twenty-one years, whichever should occux\ The testator afterwards directs a settlement of accounts of the income of the estate when the first division takes place between the three brothers. He then proceeds :
“ Item. On the arrival of my youngest surviving son at the age of twenty-one years, I do will, order and direct all my estate, both real and personal, (including the house and servants, the use of which in the intermediate time I have devised to my son Thomas, and in the event of my widow being then deceased, and not otherwise, including also the house and other property herein bequeathed to her use,) to be equally and equitably divided between my sons Thomas, John and Sam’l, or the survivors of them, share and share alike.”
There is then a provision made for the case of his sons John and Samuel, or either of them marrying and dying before twenty-one years of age and leaving issue ; But if no issue, then to the surviving brothers. There is also a clause providing for the case of his son Thomas dying before the earliest period appointed by his will for a division of that part of the estate not appropriated to the use of the widow, without leaving issue, or in case of the death of such issue under twenty-one years of age, this clause directs that in such case, the share of the estate devised to the son Thomas shall in like manner go to his brothers-, and their heirs subject to his debts and his widow’s dower. At the time of making the will, the son Thomas was a married man and of age. He is now living and has issue. Both the sons John and Samuel attained twenty-one years of age, and then died unmarried. Mrs. Cochran, the widow, is still living. The question is whether the house and lot and negroes bequeathed to Mrs. Cochran, the widow, for life, and at her death to the surviving sons, will *188 devolve 011 *ier death exclusively to Thomas Cochran, the only son now living, or upon him and the representatives of his two brothers, as tenants in common.
I have examined the will of Mr. Cochran as well as the cases and the arguments furnished by the counsel, with attention. The will is explicit in this case, and fixes the survivorship with respect to the house and lot devised to the wife during life, and afterwards to the three sons or the survivors, to the time of the division of the estate on the youngest son’s attaining twenty-one, or the death of the mother, whichsoever should last happen.
This idea of postponing the division of that particular property till the death of the widow, is repeated in the clause of the will providing for the general division of the estate.
I am not aware that any general reasoning can elucidate this matter. A close inspection of the will, and comparison of its different clauses, can alone give a perfect impression of the question and satisfy the mind as to the intention of the testator and the provisions of his will. I have made this inspection and comparison, and Í am satisfied that the testator did intend and has provided that the interest in the house and lot in question should vest in the son or sons who should be living at the general division of the estate, which was to depend on the youngest son’s attaining twenty-one years, or on the death of the widow, who had the life estate, whichsoever should last occur. And believing this to be his intention, which is not in opposition to any rule of law, I mush decide accordingly. I cannot say • with the counsel for the defendant, that the postponement of the division of the house and lot until Mrs. Cochran’s death was merely for her convenience, by which he did not contemplate a contingency affecting the quantity of estate to be enjoyed by his sons or his representatives.
The testator connects the division and the gift inseparably. Indeed Ms words are unusually decisive on *189 this point 5 for he says, upon the occurrence of the last of the two stipulated events the house and lot shall be deemed to be a part of his estate, and be divided among his three sons or the survivors of them. Now if it be deemed at the occurrence of the last of the two stipulated events a pai't of his estate, it could not be a property vested in another at a prior time, viz. when th© youngest son attained twenty-one years.
It was rightly observed by the counsel for the complainant, that the division of the mass of the estate on the youngest son’s attaining twenty-one years, does not apply to the clause relative to this particular house and lot 5 for the provisions and contingencies stated in the different clauses, and for the different cases arc distinct and different. And in the clauses relative to the son, Thomas Cochran, a benefit of survivorship is given to Ms brothers, in case of his death without issue, before a division of the estate, though he had attained twenty-one years, and was a married man at the time of the execution of the will.
The case of Weedon and Fell, cited from 2 Atk. p; 123, cannot govern this case. For the last words of the applicable clause of the will in that case do expressly state, that if any of the four children should die before attaining twenty-one years of age, or day of marriage, that the share of the one so dying should be equally divided among the survivors, which qualify and explain the preceding words, by which a division wars to be made after the mother’s decease, among the four children, or the survivor of them. But as Constance, (the child whose share was in question) did attain twenty-one, and was also married, the rights of sur-vivorship could not attach in her brothers and sisters to the prejudice of her representatives, though she died in her mother’s life time.
It may be sufficient to say, that in the other cases cited from Yesey, no period is fixed by the will j and the Court was left at liberty to fix any period which would *190 give most effect to the intent of the testator, and those cases have otherwise no direct bearing on the case un-dor consideration.
Upon the whole I am of opinion the house and lot in question, is vested in Thomas Cochran, the surviving brother, to the exclusion of his brother’s representatives.